REBECCA M. ARAGON, Bar No. 134496
RADHA D.S. KULKARNI, Bar No. 293996
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone: 213.443.4300

Attorneys for Defendant
OLDCASTLE BUILDINGENVELOPE,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDY CORONEL, an individual, and FELIX RAMIREZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> OLDCASTLE BUILDINGENVELOPE, INC., a corporation and DOES 1 through 50, inclusive, <br><br> Defendant. | Case No.  17-1804 <br><br> **DECLARATION OF RADHA D.S. KULKARNI IN SUPPORT OF NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** <br><br> Complaint Filed: December 21, 2017 |

I, Radha D.S. Kulkarni, declare as follows:

1.      I am an attorney at law duly licensed to practice before this Court.  I am an associate attorney at Littler Mendelson, P.C., attorneys of record for Defendant OLDCASTLE BUILDINGENVELOPE, INC. ("Defendant" or the "Company") in the above-captioned matter.  I am licensed to practice law before all courts in the State of California including the U.S. District Court for the Central District of California. Except where otherwise indicated, I have personal knowledge of all of the facts set forth in this declaration and, if called as a witness, I could and would competently testify to each fact.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DECLARATION IN SUPPORT OF
REMOVAL

I make this Declaration in support of Defendant's Notice to Federal Court of Removal of Civil Action Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

1.    On or about December 21, 2016 Plaintiffs Eddy Coronel and Felix Ramirez ("Plaintiffs") filed a Complaint for Damages in Los Angeles County Superior Court, Case No. BC 6444426 ("Complaint") against Defendant. A true and correct copy of the Complaint filed by Plaintiff on or about December 21, 2016, is attached to Defendant's' Notice of Removal as Exhibit A.

2.    I have information and believe that on or about February 2, 2017 Plaintiff attempted to serve the Summons, Complaint, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, and Voluntary Efficient Litigation Stipulations on Defendant Oldcastle BuildingEnvelope Inc. on Defendant's employee Lina M. Ingalls.  A true and correct copy of the Proof of Summons showing defective service is attached as Exhibit B.

3.    I have information and believe that thereafter, Plaintiff again attempted service on Defendant through Vice President Legal for Defendant, Mollie L. Hines, who is located in Dallas, Texas via certified mail, indicating a mailing date of February17, 2017.  However, as of the date of filing this Notice of Removal, no Proof of Service has been filed with Los Angeles County Superior Court, and no Proof of Service was included with the documents mailed to Defendant.  A true and correct copy of the envelope and documents mailed by Plaintiff to Ms. Hines is attached as Exhibit C.

4.    I have information and believe that on or about December 21, 2016 this case was assigned to the Honorable Daniel S. Murphy of Department 32 in the Los Angeles County Superior Court.  A true and correct copy of the Notice of Case Assignment is attached as Exhibit D.

5.    I have information and believe that on or about January 24, 2017, the State Court issued a Notice of Case Management Conference for March 21, 2017,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECLARATION IN SUPPORT OF REMOVAL    2.

which Plaintiff served on Defendant on February 7, 2017.  A true and correct copy of the Notice of Case Management Conference is attached as Exhibit E.

6.    On March 2, 2017, Defendant filed an Answer to Plaintiffs' Complaint, generally denying Plaintiffs' allegations and asserting an affirmative defense, *inter alia*, that Plaintiff's claims are preempted by, among other federal laws, section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 141 *et seq*. A true and correct copy of the Answer is attached to Defendant's Notice of Removal as Exhibit F.

7.    Plaintiffs' unverified Complaint states that this is an "unlimited" civil case and that the amount of damages demanded exceeds $25,000.  A true and correct copy of the Civil Cover Sheet is attached as Exhibit G.

8.    Other than the documents attached to this declaration as Exhibits A to G, Defendant is not aware of any further proceedings, filings, or orders regarding this action in the Los Angeles County Superior Court.

9.    The Complaint alleges seven causes of action for: (1) unpaid wages (Labor Code § 201); (2) unpaid overtime wages (Labor Code §§ 510, 1194); (3) retaliation (Labor Code § 1102.5); (4) failure to keep and provide accurate itemized wage statements (Labor Code § 226); (5) waiting time (Labor Code § 203); (6) unfair business practices (Business and Profession Code § 17200); and (7) penalties pursuant to the California Private Attorneys General Act (Labor Code § 2699).  I have estimated the potential liability facing the Company in the present lawsuit for purposes of determining whether this case meets the Court's minimum diversity jurisdictional threshold under 28 U.S.C. § 1332.

10.    I have information and believe that during the relevant time period, Plaintiff Coronel was classified as a non-exempt employee and paid at a regular rate of pay of $13.12 per hour from December 21, 2013 to August 23, 2015 and at a rate of $14.63 thereafter.  Accordingly, Plaintiff's overtime rate would be $19.68 from December 21, 2013 to August 23, 2015 and $21.945 for the period of time thereafter,

DECLARATION IN SUPPORT OF REMOVAL                     3.

and his double-time rate would be $26.24 from December 21, 2013 to August 23, 2015 and $29.26 for the period of time thereafter.  There are approximately 87 works weeks from December 21, 2013 and August 23, 2015 and approximately 25 weeks between August 24, 2015 and February 19, 2016.  Daily overtime claimed between December 21, 2013 and August 23, 2015 = (2 hours x $19.68) + (4 hours x $26.24) = $144.20.  Plaintiff was employed for 87 weeks between December 21, 2013 and August 23, 2015 = 6 days x 87 weeks x $144.32 = $75,335.04. Daily overtime claimed between August 24, 2015 and February 19, 2016 = (2 hours x $21.945) + (4 hours x $29.26) = $160.93.  Plaintiff was employed for 25 weeks between August 24, 2015 and February 19, 2016 = 6 days x 25 weeks x $160.93 = $24,139.50.  Plaintiff Coronel's claims for overtime worked, therefore, comes to approximately at least ($75,335.04+ $24,139.50), or $99,474.54.  In contrast, Plaintiff's Payroll Register for the period between December 21, 2013 and February 16, 2016 shows that Plaintiff was paid approximately $34,687.04 in double and overtime.  (Ingalls Decl., ¶ 7). Therefore, approximately $64,787.50 in overtime wages is in controversy. Additionally, assuming Plaintiff Coronel worked for 112 pay periods for Oldcastle BuildingEnvelope, 226(e) penalties would equal $11,150, but for the $4,000 cap on damages under the statute.

11.    I have information and believe that during the relevant time period, Plaintiff Ramirez was classified as a non-exempt employee and paid at a regular rate of pay of $12.66 per hour from December 21, 2013 until his termination on December 9, 2014.  Based on a regular rate of pay of $12.66, Plaintiff's overtime rate would be $18.99.   There are approximately 50 works weeks from December 21, 2013 and December 9, 2014.  Plaintiff's daily overtime claimed between December 21, 2013 and December 9, 2014 = (2 hours x $18.99) = $37.98.   Plaintiff Ramirez was employed for more than 50 weeks between December 21, 2013 and December 9, 2014 = 5 days x 50 weeks x $37.98 = $9,495.  Plaintiff Ramirez's Payroll Register for the period between December 21, 2013 and December 9, 2014 shows that Plaintiff was

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DECLARATION IN SUPPORT OF REMOVAL

4.

paid approximately $5,345.63 in double and overtime. (Ingalls Decl., ¶ 9). Therefore, approximately $4,149.37 in overtime wages is in controversy. In addition, Plaintiff's alleged claim for waiting time penalties is equal to 30 days x 8 hours x $12.66 = $3038.40.

12.     Plaintiff Ramirez also seeks recovery of actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, as well as emotional distress and punitive damages under Labor Code section 1102.5. (Complaint at ¶¶ 50-52). Conservatively assuming Ramirez worked 40 hours per week for the purposes of these calculations, but also noting that Plaintiff typically worked overtime, his gross average weekly pay would be $506.40. As of the date of this Removal, over 116 weeks have elapsed since the date of Plaintiff's termination, making Plaintiff's estimated alleged lost earnings at least $58,742.40. Further, Plaintiff's total lost future earnings for one year would be at least $26,332.80 (i.e., weekly earnings of $506.40 times 52 weeks).

13.     I have information and believe that on December 22, 2015, counsel for Plaintiffs, Pouya B. Chami, wrote to Defense counsel setting forth Plaintiff Ramirez's potential claims against Defendant and demanding $250,000 to settle the entire case.[1] Further, Plaintiff's counsel represented that his firm bills at $450 per hour of attorney time and typically request a 2.0 lodestar multiplier. Plaintiff's estimate of his attorney's fees was $300,000 to $400,000, and Defendant's total liability to Plaintiff was $400,000 to $600,000. A true and correct copy of Plaintiff's demand is attached as Exhibit G.

---

[1] Although Federal Rule of Evidence 408 prohibits the use of compromise offers and negotiations to prove or disprove the validity or amount of a disputed claim, the court may admit this evidence for the purposes of determining the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter is relevant evidence of the amount in controversy); *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

DECLARATION IN SUPPORT OF REMOVAL          5.

14.    I have reviewed the Los Angeles County Superior Court Civil Fee Schedule effective July 1, 2016, which provides that the cost to file a Complaint for Unlimited Civil Cases is $435.

15.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, our office is providing written notice of the removal to Plaintiff's counsel of record: Pouya B. Chami of Chami Law, PC, located at 15760 Ventura Blvd., Suite 1600, Encino, California 91436.    In addition, a copy of the Notice of Removal without its accompanying exhibits will be filed with the Clerk of Court for the Los Angeles County Superior Court.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.


Executed this 6th day of March 2017, at Los Angeles, California.


Dated:        March 6, 2017


/s/ Radha D. S. Kulkarni
RADHA D.S. KULKARNI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
OLDCASTLE
BUILDINGENVELOPE, INC.

Firmwide:145998356.1 065302.1007

DECLARATION IN SUPPORT OF REMOVAL                6.